IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,041-01, WR-64,041-02






EX PARTE JERRY RICKY HANNAH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NOS. CR22125-A AND CR22126-A IN THE 75TH JUDICIAL
DISTRICT COURT OF LIBERTY COUNTY




 Per curiam.


 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art 11.07. 
Applicant pleaded nolo contendere to one charge of indecency with a child and one count
of aggravated sexual assault of a child, and punishment was assessed at eight years'
confinement. No direct appeal was taken.

 Applicant contends inter alia that he was denied the effective assistance of counsel
and that his plea was not knowingly and voluntarily entered. Specifically, Applicant alleges
that his appointed attorney told him to accept the State's eight-year plea offer despite
Applicant's claims of innocence. Moreover, Applicant alleges that counsel failed to raise the
issue of Applicant's competency to enter the plea, despite counsel's awareness that Applicant
had been evaluated while in jail and diagnosed with various psychiatric disorders.

 The trial court has entered an order concluding "that there are no controverted,
previously unresolved facts material to the legality of the Applicant's confinement...." 
However, we disagree. Applicant has stated facts requiring resolution. Because this Court
cannot hear evidence, it is necessary for the matter to be remanded to the trial court for
resolution. This trial court may resolve the factual issues as set out in Tex. Code Crim.
Proc. art 11.07, § 3 (d), in that it may order affidavits, depositions, or interrogatories from
counsel, or it may hold a hearing. In the appropriate case, the trial court may rely on personal
recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether counsel was aware of any evaluation performed on Applicant in jail which
might have resulted in findings that could raise a question regarding Applicant's competency. 
The court shall make findings as to whether Applicant asserted his innocence to counsel prior
to the entry of the plea, and if so, why counsel advised him to accept the State's plea offer. 
The trial court shall also make any further findings of fact and conclusions of law it deems
relevant and appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 169 Tex.Cr.R. 367,
334 S.W.2d 294 (Tex.Crim.App. 1960), this application for a post-conviction writ of habeas
corpus will be held in abeyance pending the trial court's compliance with this order. The
trial court shall resolve the issues presented within ninety days of the date of this order. (1) A
supplemental transcript containing all affidavits, the transcription of the court reporter's notes
from any interrogatories or hearings held, along with the trial court's findings of fact and
conclusions of law, shall be returned to this Court within one hundred and twenty days of the
date of this order. (2)


 IT IS SO ORDERED THIS THE 8th day of March, 2006.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.